IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEON GREEN BEY,            :
                                      :
        Plaintiff           :
                                        :
        v.                 :    CIVIL NO. 4:17-CV-141
                                        :
UNITED STATES OF AMERICA  :    (Judge Brann)
ET AL.,                      :
                                        :
        Defendants     :

## MEMORANDUM

February 7, 2017

## Background

Leon Green Bey, a federal pre-trial detainee presently confined in the Dauphin County Prison, Harrisburg, Pennsylvania, instituted this pro se civil rights action.  Plaintiff has also submitted an in forma pauperis application.[1]  For the reasons set forth below, Green Bey's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

---

[1] Green Bey has completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Clerk of Court is directed to issue the Administrative Order to the Warden noting that he should begin to deduct money from the inmate's account in the manner described in the Administrative Order.

Named as Defendants in the Complaint are the United States of America; Chief Judge Christopher C. Conner of this district; Assistant United States Attorney (AUSA) Daryl Bloom; and Plaintiff's court appointed criminal defense counsel,  Elisabeth Pasqualini, Esq.  This is the third action filed by Green Bey challenging the legality of his ongoing federal criminal prosecution, United States v. Green, Case No. 1:13-CR-210, before Chief Judge Conner.[2]

Plaintiff states that his "Human Moorish body" has been detained by the United States since November 7, 2013, without trial.  Doc. 1, ¶ IV.  He asserts that his ongoing federal criminal jurisdiction should be dismissed for lack of jurisdiction because he is a member of the Moorish Nation and, as such,  is entitled to protection under the 1787 treaty  between the Moorish nation and the U. S. Government.[3]  As relief, Plaintiff seeks compensatory, punitive, and nominal damages, as well as injunctive relief.

**Discussion**

Title 28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. §

---

[2]  In two earlier habeas corpus actions filed by the Plaintiff, this Court determined that it was not appropriate for Green Bey to challenge the legality of his ongoing federal criminal prosecution via a federal habeas corpus petition.

[3]A review of the docket from Petitioner's federal criminal prosecution indicates that a proposed plea agreement was recently filed.

1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit). Section 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an

indigent litigant's complaint is appropriate for summary dismissal.  <u>Denton</u>, 504 U.S. at 33.

**<u>Prosecutor Immunity</u>**

It is well-established that a prosecuting attorney is absolutely immune from liability for damages  for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process.  <u>Imbler v. Pachtman,</u> 424 U.S. 409, 420 (1976); <u>Urrutia v. Harrisburg County Police Dep't</u>, 91 F.3d 451, 462 (3d Cir. 1996). However, only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties.  <u>See</u> <u>Hawk v. Brosha</u>, 590 F. Supp. 337, 344 (E.D. Pa. 1984).

Pursuant to the above standards, any allegation that AUSA Bloom has acted unlawfully with respect to Plaintiff's ongoing federal criminal prosecution is a claim which is "intimately associated with the judicial phase of the criminal process." <u>See</u> <u>Imbler</u>, 424 U.S. at 430.  Therefore, AUSA Bloom is absolutely immune from damages with respect to any such malicious prosecution claim.

**<u>Judicial Immunity</u>**

It is also a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1978); <u>Oatess v.</u>

<u>Sobolevitch</u>, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). Since the claims against Chief Judge Conner appear to be solely premised upon rulings made during the course of Plaintiff's ongoing federal criminal prosecution, Chief Judge Conner is entitled to absolute immunity with respect to any claim for monetary relief.

### Defense Counsel

It is additionally well-settled that public defenders and court appointed counsel are not subject to civil rights liability when performing a traditional lawyer's functions to a defendant in a criminal proceeding.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 318 n. 7 (1981); <u>Black v. Bayer</u>, 672 F.2d 309, 320 (3d Cir.), <u>cert. denied</u>, 459 U.S. 916 (1982).  <u>Rankine v. Server</u>, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001); <u>Figueroa v. Clark</u>, 1992 WL 122872 (E.D. Pa. June 1, 1992).  The claims raised against Attorney Pasqualini appear to be based upon actions that she took while acting as Plaintiff's court appointed criminal defense counsel.  Under the standards announced in <u>Groman</u>, <u>Polk</u> and <u>Black</u>, there is no basis for any claim for monetary relief against Ms. Pasqualini regarding her ongoing performance as Plaintiff's criminal defense counsel.

### Heck

Based upon a review of the Complaint together with the docket from his criminal case, Plaintiff has not yet been convicted of the federal criminal charges

which are the basis for his pending claims.  To the extent that Plaintiff is seeking

an award of monetary damages, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the

United States Supreme Court ruled that a constitutional cause of action for

damages does not accrue "for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would

render a conviction or sentence invalid", until the Plaintiff proves that the

"conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination,

or called into question by a federal court's issuance of a writ of habeas corpus."

<u>Id</u>. at 486-87.  There is no assertion in the Complaint that the  criminal

prosecution underlying the pending claims  has been rendered invalid.

Considering the nature of Green Bey's allegations, a finding in his favor

would imply the invalidity and/or comprise the  criminal prosecution at issue

herein.  Thus, any request by Plaintiff for monetary damages against any anyone

involved with his ongoing federal criminal prosecution is premature because

Plaintiff cannot maintain a cause of action for unlawful imprisonment until the

basis for that imprisonment, his federal criminal prosecution, is rendered invalid.

<u>See</u> <u>Gibson v. Superintendent</u>, 411 F.3d 427, 449 (3d Cir. 2005); <u>Sanchez v.</u>

<u>Gonzalez</u>, No. 05-2552, 2005 WL 2007008 *2 (D.N.J. Aug. 16, 2005).   Any

request by Green Bey for compensatory damages is premature and  must be

deferred under <u>Gibson</u> and <u>Sanchez</u> until his underlying federal criminal

prosecution is rendered invalid, should that ever occur.  If Plaintiff is able to successfully challenge his federal criminal charges under <u>Heck</u>, he may then reassert a claim for damages in a properly filed civil rights complaint.

## **Injunctive/Declaratory Relief**

Finally, inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975).  The Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus. <u>See</u> <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985).

As noted above, Green Bey  indicates that he is being subjected to an illegal federal prosecution.   The United States Supreme Court in <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action.  <u>Id.</u> at 646.  Pursuant to <u>Preiser</u> and <u>Edwards</u>, Plaintiff's requests for injunctive relief, especially his request that his criminal prosecution be declared invalid cannot be entertained via a civil rights complaint.  As noted by the Third Circuit,  "simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship."  <u>Stolt-Nielsen, S.A. v. United States</u>, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted).   In <u>Stolt-Nielsen</u>, *the* Third Circuit refused to grant an injunction against an anticipated indictment and

stated:

> the adversary system "afford[s] defendants, after indictment, a federal forum in which to assert their defenses-including those based on the Constitution. Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors."

Id. at 185 (quoting Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987).  It is also noted that a "'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.'"  Id. at 187 (quoting Terrace v. Thompson, 263 U.S. 197, 214 (1923)).  Plaintiff clearly has a plain, adequate and complete remedy at law in that he can pursue any objections to the legality of his criminal charges and his  pre-trial detention in his ongoing federal criminal proceedings.

### Conclusion

Since Plaintiff's pending civil rights claims are"based on an indisputably meritless legal theory" they will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

BY THE COURT:

   s/ Matthew W. Brann
Matthew W. Brann
United States District Judge